HLD-023  (October 2010)                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3718
_____

In re: OSSIE R. TRADER,
                                              Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Crim. No. 94-00534-002)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 29, 2010
Before: McKEE, Chief Judge, and ALDISERT and WEIS, Circuit Judges
(Opinion filed: February 15, 2011)
_____

OPINION
_____

PER CURIAM.

Ossie Trader is a federal prisoner serving a 248-month sentence for armed bank

robbery and related crimes.  This is at the least the seventh time, and the second in less

than two months, that Trader has sought to challenge his conviction by way of mandamus

in order to circumvent AEDPA's gate-keeping requirements for successive § 2255

motions.  For the reasons just given in In re Trader, CA No. 10-3373 (3d Cir. Oct. 13,

1

2010), we will deny Trader's latest mandamus petition.[1]  We caution that another attempt to raise the challenge rejected here will prompt us to initiate proceedings to enjoin such repetitive filings.

---

[1]  We note for Trader's benefit that <u>United States v. Carrasquillo</u>, 667 F.2d 382 (3d Cir. 1981), is not germane to the argument he makes in support of mandamus relief.  In <u>Carrasquillo,</u> we clarified what events in a criminal case would trigger the running of the 70-day Speedy Trial Act period.  667 F.2d at 384 ("When there is no [pre-indictment] appearance because an information or indictment is the first step in a criminal case, then postindictment arraignment will be the relevant 'last occurring' date" for purposes of assessing whether there has been a violation of the Speedy Trial Act.).