CLD-197                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1826
_____

IN RE: OSSIE TRADER,
                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to Crim. No. 81-cr-000337-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
May 14, 2020
Before: JORDAN, KRAUSE, and MATEY, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 27, 2020)
_____

OPINION[*]
_____

PER CURIAM

      Ossie Trader has filed a petition for a writ of mandamus. For the reasons below,

we will deny the petition.

      In 1982, Trader was convicted of armed robbery of a bank and was subsequently

sentenced to 25 years in prison. While on parole in 1994, he committed another armed

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

bank robbery, pleaded guilty, and was sentenced to 248 months in prison.  Trader now

seeks to challenge the structure of the sentence he received for the 1982 conviction.

Mandamus is an extraordinary remedy.  Trader must show that he lacks adequate

alternative means to obtain the relief he seeks, and Trader carries the burden of showing

that his right to relief is clear and undisputable.  See Mallard v. U.S. Dist. Court for S.

Dist. of Ia., 490 U.S. 296, 309 (1989).  He cannot do so.  Trader bases his request for

relief on an opinion issued by this Court in 1971.  Thus, Trader had the alternate remedy

of raising this issue on appeal or in a motion pursuant to 28 U.S.C. § 2255, and he is not

entitled to mandamus relief.[1]

For the above reasons, we will deny the petition for a writ of mandamus.

---

constitute binding precedent.

[1] We have informed Trader many times in the past that he cannot challenge his
conviction via a mandamus petition:

> This is at the least the seventh time, and the second in less than two months,
> that Trader has sought to challenge his conviction by way of mandamus in
> order to circumvent AEDPA's gate-keeping requirements for successive
> § 2255 motions. For the reasons just given in In re Trader, 397 Fed.Appx.
> 785 (3d Cir. 2010), we will deny Trader's latest mandamus petition.

In re Trader, 412 F. App'x 446 (3d Cir. 2011).